Exhibit 1

SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO.<br>CV12787160 | D2 CM | SUMMONS NO.<br>19762741 |
| --- | --- | --- |

Rule 4 (B) Ohio

Rules of Civil
Procedure

DEBORAH PERROTTO
VS
PREMIER INTERNATIONAL INC.    ET AL

PLAINTIFF

DEFENDANT

## SUMMONS

HILLCREST EGG & CHEESE CO.
DBA HILLCREST FOODSERVICE CO.
C/O STAT AGT, CNB CORP.
1375 EAST NINTH STREET, 20TH FLOOR
CLEVELAND OH 44114-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

MATTHEW D BESSER
MONARCH CENTRE, SUITE 302

5885 LANDERBROOK DRIVE
CLEVELAND, OH 44124-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

DAVID T MATIA
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas



| DATE<br>Jul 25, 2012 |
| --- |

By_____
Deputy

COMPLAINT FILED   07/17/2012

CMSN130

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **DEBORAH PERROTTO**<br>11820 Edgewater Drive, Unit 205<br>Lakewood, Ohio 44107 | Judge: DAVID T MATIA<br><br>CV 12 787160 |
| Plaintiff, | ) JUDGE |
| vs. | )            Å. |
| | ) |
| **PREMIER INTERNATIONAL, INC.** | ) **COMPLAINT** |
| c/o Statutory Agent David Abraham | ) |
| 24199 Wendover Drive | ) (Jury Demand Endorsed Hereon) |
| Beachwood, Ohio 44122 | ) |
| | ) |
| and | ) |
| | ) |
| **HILLCREST EGG & CHEESE CO.** | ) |
| **d/b/a Hillcrest Foodservice Co.** | ) |
| c/o Statutory Agent CNB Corp. | ) |
| 1375 East Ninth Street, 20th Floor | ) |
| Cleveland, Ohio 44114 | ) |
| | ) |
| Defendant. | ) |

For her Complaint against Premier International, Inc. ("Premier") and Hillcrest Egg &

Cheese Co. ("Hillcrest") (collectively, "Defendants"), Plaintiff Deborah Perrotto ("Perrotto")

alleges as follows:

### PARTIES

1.      At all times relevant to this lawsuit, Perrotto was a resident of Ohio.

2.      At all times relevant to this lawsuit, Perrotto was an "employee" within the meaning of

Ohio Revised Code Chapter 4112.

3.      At all times relevant to this lawsuit, Perrotto was an "eligible employee" within the

meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

4. Premier is a distributor of foods and other products, with its principal place of business in Eastlake, Ohio.

5. At all times relevant to this lawsuit, Premier was an "employer" of Perrotto within the meaning of the FMLA.

6. At all times relevant to this lawsuit, Premier was an "employer" of Perrotto within the meaning of Chapter 4112 of the Ohio Revised Code.

7. Hillcrest d/b/a Hillcrest Foodservice Co. is a food service distributor, with its principal place of business in Cleveland, Ohio.

8. At all times relevant to this lawsuit, Hillcrest was an "employer" of Perrotto within the meaning of the FMLA.

9. At all times relevant to this lawsuit, Hillcrest was an "employer" of Perrotto within the meaning of Chapter 4112 of the Ohio Revised Code.

10. At all times relevant to this lawsuit, Premier and Hillcrest were "integrated employers" or "joint employers" under the FMLA.

## FACTUAL ALLEGATIONS

11. For approximately twenty-three years, Perrotto worked as a Buyer for a company called Serv-a-Rack.

12. Upon information and belief, in approximately December 2009, Defendants acquired Serv-a-Rack, and at that time Perrotto became employed by Defendants.

13. From December 2009 until February 2011, Perrotto worked for Defendants as a Buyer.

14. As a Buyer, Perrotto purchased products for both Premier and Hillcrest.

2

15. Perrotto took workplace instruction from both Premier and Hillcrest supervisors and/or management employees.

16. Other employees, both management and non-management, performed work for both Premier and Hillcrest during their employment.

17. Premier purchased goods on Hillcrest credit.

18. Premier and Hillcrest frequently shared a Human Resources department.

19. In February 2011, Plaintiff experienced uterine health issues.

20. Due to those issues, Perrotto's doctor informed her that surgery would be necessary as soon as possible.

21. Perrotto provided Defendants a doctor's excuse from her gynecologist and oncologist, and told Defendants she needed surgery as soon as possible.

22. On or about February 11, 2011, Perrotto requested Defendants grant her medical leave of four to six weeks for her surgery and recovery.

23. When Defendants did not respond, on or about February 16, 2011, Perrotto again asked Defendants for a four to six week medical leave for her surgery and recovery.

24. On February 17, 2011, Defendants gave Perrotto a letter refusing to grant her the requested medical leave and firing her.

25. Defendants gave no reason for Perrotto's firing other than her "health problem" and her need for a medical leave.

26. Shortly after Defendants fired her, Perrotto was diagnosed with cancer.

### FIRST CLAIM FOR RELIEF – FMLA INTERFERENCE

27. Perrotto realleges each and every allegation set forth above as if fully rewritten.

3

28. Perrotto had a "serious health condition" within the meaning of the FMLA.

29. Perrotto was eligible for FMLA leave due to her serious health condition.

30. Perrotto gave Defendants timely notice of her need for leave.

31. Defendants denied Perrotto leave and other FMLA benefits to which she was entitled.

32. Perrotto was prejudiced by Defendants' denial of her FMLA benefits because she was fired as a result of Defendants' denial.

33. Defendants have therefore interfered with, restrained, and/or denied Perrotto's exercise of her rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*, to take leave for her own serious health condition.

34. As a result of her termination, Perrotto: lost income, wages, and benefits, including her medical insurance; incurred costs and expenses, such as attorneys' fees and costs of suit; and was otherwise injured.

35. Defendants lacked good faith and/or reasonable grounds to believe it was not violating the FMLA by denying Perrotto leave and firing her.

36. Defendants' actions were willful and/or in reckless disregard of Perrotto's protected rights.

## SECOND CLAIM FOR RELIEF – FMLA RETALIATION

37. Perrotto realleges each and every allegation set forth above as if fully rewritten.

38. Perrotto's request for leave was protected activity under the FMLA.

39. Defendants knew of Perrotto's protected activity.

40. Perrotto suffered an adverse employment action when Defendants' fired her.

41. In the letter terminating Perrotto, Defendants explicitly referred to her request for leave as the reason for her termination.

42. There is a causal connection between Perrotto's protected activity and her termination.

43. Defendants have therefore retaliated against Perrotto due to her attempted exercise of her rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

44. As a result of her termination, Perrotto: lost income, wages, and benefits, including her medical insurance; incurred costs and expenses, such as attorneys' fees and costs of suit; and was otherwise injured.

45. Defendants lacked good faith and/or reasonable grounds to believe it was not violating the FMLA by firing Perrotto.

46. Defendants' actions were willful and/or in reckless disregard of Perrotto's protected rights.

## THIRD CLAIM FOR RELIEF – DISABILITY DISCRIMINATION

47. Perrotto realleges each and every allegation set forth above as if fully rewritten.

48. Perrotto is a member of a protected class because she is a qualified individual with a disability, stemming from her cancer, and/or because Defendants regarded her as disabled.

49. Defendants were aware Perrotto had a disability and/or regarded her as having a disability.

50. Perrotto was qualified for the position she held with Defendants and could have performed the essential functions of her job with reasonable accommodations.

51. Defendants took adverse action against Perrotto by firing her because of her disability and/or because they regarded her as disabled.

52. Perrotto requested a reasonable accommodation of a temporary leave for her actual disability.

53. Defendants refused to grant Perrotto a reasonable accommodation of her actual disability.

54. Defendants failed to engage with Perrotto in an interactive process to determine what reasonable accommodations could be given that would allow her to perform the essential functions of her job.

55. As a direct and proximate consequence of Defendants' unlawful and discriminatory misconduct, described above, Perrotto: suffered emotional distress and humiliation; lost salary, wages, and benefits; incurred attorneys' fees and costs of litigation; and has been otherwise injured. Some or all of her damages will continue to accrue indefinitely into the future.

56. Defendants are therefore liable to Perrotto for disability discrimination pursuant to Ohio Revised Code sections 4112.02 and 4112.99.

57. The conduct of Defendants, as described above, was done: maliciously or with conscious disregard of Perrotto's rights and with a great probability of causing harm; and/or was done maliciously and/or by aggravated or egregious fraud by agents or servants of Defendants, who, as principals or masters, knowingly authorized, participated in, or ratified those actions and/or omissions, for which all Defendants are liable for punitive damages.

**WHEREFORE,** Perrotto prays for judgment against Defendants for back pay, front pay, lost benefits, and compensatory damages in amounts that will fully and fairly compensate her for her injury, damage, loss, and expenses; for an award of statutory and/or liquidated damages; for reinstatement; for punitive damages; for attorneys' fees and costs of suit; and for such other relief as the Court deems just, all in excess of twenty-five thousand dollars.

## JURY DEMAND

A trial by jury is hereby demanded in the within matter in the maximum number of jurors allowed by law.

Respectfully submitted,

CATHLEEN M. BOLEK (0059884)
MATTHEW D. BESSER (0078071)
**BOLEK BESSER GLESIUS, LLC**
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
T 216.464.3004
F 866.542.0743
cbolek@bolekbesser.com
mbesser@bolekbesser.com

*Counsel for Plaintiff*

7