IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEBORAH PERROTTO, | ) | CASE NO. 1:12-cv-02249 |
| | ) | |
| Plaintiff, | ) | JUDGE POLSTER |
| | ) | |
| vs. | ) | |
| | ) | |
| PREMIER INTERNATIONAL, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**DEFENDANTS' ANSWER**
**(Jury Demand Endorsed Hereon)**

---

Defendants, Premier International, Inc. ("Premier"), and Hillcrest Egg & Cheese Co. d/b/a Hillcrest Foodservice Co. ("Hillcrest") (collectively, "Defendants"), for their answer to the Complaint of Plaintiff Deborah Perrotto ("Plaintiff" or "Ms. Perrotto") state as follows:

**Parties**

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2.     Defendants admit that Ms. Perrotto was an employee of Premier, and deny the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3.     Defendants deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4.     Defendants admit the allegations set forth in Paragraph 4 of Plaintiff's

-1-

{K0308098.1}

Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

## Factual Allegations

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Premier admits that, upon information and belief, Ms. Perrotto was previously employed by a company called Serv-A-Rack, and further admits that Ms. Perrotto began her employment with Premier in or about December 2009. Defendants deny the remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Premier admits that from December 2009 through February 2011, Plaintiff worked as a buyer for Premier. Defendants deny the remaining allegations set forth in

{K0308098.1}

Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21.     Premier denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint. Hillcrest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.     Premier denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint. Hillcrest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.     Premier denies the allegations set forth in Paragraph 23 of Plaintiff's

{K0308098.1}

Complaint. Hillcrest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.     Premier denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint. Hillcrest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.     Premier denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint. Hillcrest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

### First Claim for Relief — FMLA Interference

27.     Defendants reallege each admission and denial set forth above as if fully rewritten herein.

28.     Defendants deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of Plaintiff's

{K0308098.1}

Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

### Second Claim for Relief — FMLA Retaliation

37.     Defendants reallege each admission and denial set forth above as if fully rewritten herein.

38.     Defendants deny the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

{K0308098.1}

43.     Defendants deny the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46.     Defendants deny the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

### Third Claim for Relief — Disability Discrimination

47.     Defendants reallege each admission and denial set forth above as if fully rewritten herein.

48.     Defendants deny the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of Plaintiff's

{K0308098.1}

-7-

Complaint.

54.     Defendants deny the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

55.     Defendants deny the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations set forth in Paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the prayer for relief set forth immediately following Paragraph 57 of Plaintiff's Complaint.

59.     Defendants deny each allegation in Plaintiff's Complaint that is not specifically admitted herein.

## Affirmative Defenses

60.     One or more of Plaintiff's claims fails to state a claim upon which relief may be granted.

61.     Defendants are not entities covered by the FMLA.

62.     Plaintiff was not eligible for leave under the FMLA.

63.     Plaintiff was not terminated.

64.     Plaintiff did not have a disability.

65.     Plaintiff was not a qualified individual with a disability.

66.     Defendants did not regard Plaintiff as disabled.

-7-

{K0308098.1}

67.     Any reasonable accommodation Defendants could have offered Plaintiff would have imposed an undue burden.

68.     Plaintiff was not terminated because of any alleged disability or perceived disability.

69.     Plaintiff cannot demonstrate that she was treated differently than similarly situated non-disabled employees.

70.     Plaintiff's Complaint, and the claims set forth therein, is barred in whole or in part by the principles of laches, waiver and/or estoppel.

71.     One or more of Plaintiff's claims is barred by her unclean hands.

72.     One or more of Plaintiff's claims should be dismissed for failing to be brought within the proper statute of limitations.

73.     Plaintiff has failed to limit and/or mitigate her damages and injuries, if any, which she alleges to have occurred.

74.     Plaintiff refused an unconditional offer of reinstatement made by Premier.

75.     The injuries and damages alleged by Plaintiff were the result of intervening and superseding negligent, willful, wanton and/or intentional acts or omissions of persons or entities other than Defendants, and no act or omission attributable to Defendants is the cause or proximate cause of any injury or damage, if any, alleged to have been suffered by Plaintiff.

76.     Plaintiff's claims are barred by her own misconduct.

77.     Plaintiff's claims are barred because Defendants had overriding business justifications for their actions.

-8-

{K0308098.1}

78. The Complaint does not set forth a claim that would entitle Plaintiff to compensatory or punitive damages.

79. Defendants' actions were taken in good faith, and were based on legitimate, non-discriminatory reasons.

80. Defendants did not act with malice or reckless indifference toward Plaintiff's protected rights.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ P.L.L.**

s/Jonathan T. Hyman
Robert S. Gilmore (0037042)
Jon J. Pinney (0072761)
Jonathan T. Hyman (0068812)
One Cleveland Center, 20th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
(216) 696-8700
(216) 621-6536 (facsimile)
rsg@kjk.com
jjp@kjk.com
jth@kjk.com

*Counsel for Defendants Premier International, Inc. and Hillcrest Egg & Cheese Co. d/b/a Hillcrest Foodservice Co.*

-9-

{K0308098.1}

## Jury Demand

Defendants hereby demand a trial by jury by the maximum number of jurors allowable by law for all claims so triable.

<div style="margin-left: 45%;">

s/Jonathan T. Hyman
Robert S. Gilmore (0037042)
Jon J. Pinney (0072761)
Jonathan T. Hyman (0068812)
KOHRMAN JACKSON & KRANTZ P.L.L.
One Cleveland Center, 20th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
(216) 696-8700
(216) 621-6536 (facsimile)
rsg@kjk.com
jjp@kjk.com
jth@kjk.com

*Counsel for Defendants Premier International, Inc. and Hillcrest Egg & Cheese Co. d/b/a Hillcrest Foodservice Co.*

</div>

-10-

## Certificate of Service

I hereby certify that on September 12, 2012, I electronically transmitted foregoing to the Clerk of Court using the ECF System for filing and service.

<div align="right">
s/Jonathan T. Hyman
Jonathan T. Hyman (0068812)
*Counsel for Defendants Premier International,
Inc. and Hillcrest Egg & Cheese Co. d/b/a
Hillcrest Foodservice Co.*
</div>

-11-